[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#110)
 FACTS
The plaintiff, Daryl T. Pudlo, filed a two-count complaint on February 19, 1999, seeking underinsured motorist benefits. in the second count of the complaint[1] the plaintiff alleges the following facts. On August 20, 1995, the plaintiff was a passenger in the 1985 Chevrolet[2] owned and driven by Christopher Moroch on Route 16 in Colchester, when the car suddenly and without warning struck the rear of another vehicle, causing various injuries to the plaintiff. The defendant, Great American Insurance Company, had issued an insurance policy to Joseph W. Moroch, under which the car driven and owned by Christopher Moroch was covered. The plaintiff was an insured under the terms of the underinsured motorist provisions of the policy, because he was an occupant of Christopher Moroch's vehicle at the time of the collision. According to the complaint, Christopher Moroch's car was an underinsured vehicle, and the liability policy covering Christopher Moroch has been exhausted and is inadequate to fully compensate the plaintiff for his injuries. The defendant, Great American Insurance Companies, has refused to pay underinsured motorist benefits to the plaintiff.
The defendant filed a motion for summary judgment and a memorandum of law on December 27, 1999. The defendant argues that it is entitled to judgment as a matter of law because of the Supreme Court's holding inLowrey v. Valley Forge Ins. Co., 224 Conn. 152, 617 A.2d 454 (1992). Additionally, the defendant argues that it is not liable because the plaintiff executed a general release in favor of the defendant in conjunction with the settlement of a previous action by the plaintiff. The plaintiff has filed a memorandum in opposition to the motion. In CT Page 9724 addition, the defendant and plaintiff have each filed a supplemental memorandum and various documentary evidence including copies of the insurance policy.
 DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgement has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000).
In support of its motion for summary judgment, the defendant first argues that the underinsured motorist provisions of the policy it issued to Joseph Moroch specifically exclude from coverage the vehicle driven by Christopher Moroch. According to the defendant, the policy's definition of "underinsured motor vehicle" exempts vehicles owned by or available for the use of the named insured. The defendant maintains that because Christopher Moroch is a named insured under the policy, the car he owns is exempted from the definition of "underinsured motor vehicle."
This argument must be evaluated by a careful examination of the policy. The policy provides that the defendant "will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident. . . ." "Insured" is defined, in part, as "[any other person occupying your covered auto." Exempted from the definition of "underinsured motor vehicle" is "any vehicle or equipment . . . [o]wned by or furnished or available for your regular use." Under the terms of the policy, "you and your refer to . . . the named insured shown in the Declarations; and . . . [t]he spouse if a resident of the same household."
The defendant claims that Christopher Moroch is a "named insured" under the policy, because his name appears under the "Driver Information" heading in the declarations section of the policy. The defendant argues that the vehicle owned by Christopher Moroch is consequently exempted CT Page 9725 from the definition of "underinsured motor vehicle" under the policy. The declarations page, however, lists only "Joseph W Moroch" under the heading "Named Insured Address." Because Christopher Moroch is not the "named insured" or the resident spouse of the "named insured," his vehicle is not exempted from the policy's definition of "underinsured motor vehicle" as stated by the defendant.
The defendant urges the court, however, to consider the affidavit of Stephen J. Ruszala, a Compliance/Regulatory specialist employed by the defendant. In his affidavit, Ruszala states that "[u]nder the terms of [the policy], Christopher Moroch is considered a "named insured," with respect to the 1985 Chevrolet. . . ." This affidavit does not save the defendant's argument. "It is the function of the court to construe the provisions of the contract of insurance. . . . Unlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question . . . construction of a contract of insurance presents a question of law for the court. It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy." (Citations omitted; internal quotation marks omitted.) Flint v. UniversalMachine Co., 238 Conn. 637, 642-43, 679 A.2d 929 (1996). As stated above, the policy unambiguously identifies Joseph W. Moroch, and nobody else, as the named insured.
Even if the words of the policy were somehow found to be ambiguous, the affidavit of the defendant's employee would still not resolve the issue in favor of the defendant. It is well established that "any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy." (Internal quotation marks omitted.) Springdale Donuts, Inc. v. Aetna Casualty Surety Co. of Illinois, 247 Conn. 801, 806, 724 A.2d 1117 (1999).
The defendant's reliance on Lowrey v. Valley Forge Ins. Co., supra,224 Conn. 152, also does not change the outcome. That case affirmed the validity of Section 38a-334-6 (c)(2) of the Regulations of Connecticut State Agencies, which provides that an uninsured or underinsured motorist policy may exclude coverage for situations where "the uninsured motor vehicle is owned by . . . the named insured or any relative who is a resident of the same household or is furnished for the regular use of any of the foregoing. . . ." Regs., Conn. State Agencies §38a-334-6(c)(2)(A). The policy in Lowrey excluded from the definition of "uninsured motor vehicle," "any vehicle . . . [o]wned by or furnished or available for your regular use." Lowrey v. Valley Forge Ins. Co., supra,224 Conn. 154 n. 3. "You" and "your" referred to the named insured, and family members residing in the same household. Id. The Supreme Court found that the exemption was within the scope of the regulation, and was CT Page 9726 therefore valid. Id., 162.
In Lowrey, the motor vehicle involved in the accident was owned by the named insured, thus bringing it within the policy exclusion. Lowrey v.Valley Forge Ins. Co., supra, 224 Conn. 156. The facts of the present case, as stated above, are distinguishable in two key respects. First, the exclusion from the definition of "underinsured motor vehicle" includes only the named insured and a spouse residing in the same household; other relatives are not included. Second, and most importantly, the owner of the vehicle in the present case is not the named insured. The exemption in the policy issued by the defendants is within the scope of Section 38a-334-6(c)(2)(A) of the Regulations of Connecticut State Agencies. The conclusion that Christopher Moroch's vehicle is not excluded from the definition of "underinsured motor vehicle" in this case is therefore entirely consistent with the holding in Lowrey. Consequently, the motion for summary judgment cannot be granted on the ground that Christopher Moroch's car is not an "underinsured motor vehicle" under the policy issued by the defendant.
The defendant also argues that it is entitled to summary judgment because of a general release executed by the plaintiff on August 27, 1998.[3] The release includes a statement that it is "for personal injuries sustained by Daryl T. Pudlo on August 20, 1995, on Route 16 in the town of Colchester, CT, which is the subject of a civil action Docket No. CV 970113459 S which was brought in the Judicial District of New London at Norwich." The plaintiff has provided a copy of the summons and complaint filed in the plaintiff's previous negligence action against Christopher Moroch. The defendant has provided a copy of the plaintiff's August 28, 1998 withdrawal of that action.
The defendant argues that the plaintiff has released the defendant from all liability arising out of the August 20, 1995 accident. The plaintiff maintains that the release related only to the negligence action against Christopher Moroch and was not intended to affect any action against the defendant for underinsured motorist benefits. The plaintiff further argues that because the language of the release is ambiguous, the intent of the parties is a question of fact which cannot be resolved on a motion for summary judgment. In support of his position, the plaintiff has submitted an affidavit in which he states that the release was not intended to release the defendant from liability for underinsured motorist coverage.
"The intention of the parties to a contract governs the determination of the parties' rights and obligations under the contract. . . . Analysis of the contract focuses on the intention of the parties as derived from the language employed. . . . Where the intention of the parties is clearly CT Page 9727 and unambiguously set forth, effect must be given to that intent. . . . Contract language is unambiguous when it has a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion." (Citations omitted; internal quotation marks omitted.) Levine v. Advest, Inc., 244 Conn. 732, 745-46, 714 A.2d 649
(1998). "Although ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it becomes a question of law for the court." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660, 667, 646 A.2d 143
(1994).
"It is well settled that a release, being a contract whereby a party abandons a claim to a person against who that claim exists, is subject to rules governing the construction of contracts. . . . The intention of the parties, therefore, controls the scope and effect of the release, and this intent is discerned from the language used and the circumstances of the transaction. . . . It is similarly stated that a release, no matter how broad its terms, will not be construed to include claims not within the contemplation of the parties . . . ." (Internal quotation marks omitted.)Muldoon v. Homestead Insulation Co., 231 Conn. 469, 482, 650 A.2d 1240
(1994).
Despite the broad terms of the release in the present case, it is unclear exactly what claims the release was intended to settle. The release can reasonably be interpreted to settle only the claims asserted in the previous suit against Christopher Moroch, but it can also be reasonably interpreted as settling all claims of any kind arising from the August 20, 1995 collision. Because of this ambiguity, the determination of the parties' intent in executing the release presents a question of fact. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with question of motive, intent and subjective feelings and reactions. . . ." (Internal quotation marks omitted.) Connell v. Colwell,214 Conn. 242, 251, 571 A.2d 116 (1990). The defendant's motion for summary judgment therefore cannot be granted based on the release executed by the plaintiff.
 CONCLUSION
There is no merit to the defendant's claim that the vehicle involved in the collision in this case was exempted from underinsured motorist coverage by the terms of the insurance policy. Furthermore, the document executed by the plaintiff releasing the defendant from liability is ambiguous in that it is unclear whether it includes claims for underinsured motorist benefits. This ambiguity creates a genuine issue of material fact regarding the parties' intent. Consequently, the motion for CT Page 9728 summary judgment is denied.
Martin, J.